{¶ 23} Defendant, Mark A. Montgomery, was indicted on three charges of felony non-support in violation of R.C. 2919.21(B). The common pleas court dismissed all three counts of the indictment on a finding that Defendant's prosecution for the offenses alleged is barred by double jeopardy. I would affirm as to counts two and three, which are based on conduct for which Montgomery was punished by the juvenile court in prior civil proceedings when it imposed terms of incarceration that Montgomery served.
{¶ 24} The majority finds that the double jeopardy bar doesn't apply because Defendant's prior incarcerations were for "civil contempt." It's true that the punishments when they were imposed but suspended were conditional and coercive. However, their coercive purposes failed when Defendant didn't comply with the court's conditional order. Once the condition no longer existed, and Defendant could no longer avoid incarceration through compliance, his resulting incarceration was punitive. Being punitive in nature, double jeopardy bars a subsequent prosecution for the same underlying conduct.
{¶ 25} I would reverse, in part, and remand for trial on count one, affirming the trial court as to counts two and three.